UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH FOUNTAIN,<br>       Plaintiff,<br><br>versus<br><br>Townsend Recovery Center of<br>New Orleans, LLC, Rehab Ventures,<br>LLC.<br>       Defendant. | CIVIL ACTION NO:<br><br><br><br><br><br><br>DISTRICT COURT JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**COMES NOW,** Kenneth Fountain (hereinafter, "Plaintiff"), in the above-styled and numbered cause, by and through his attorney of record and his complaint against, Townsend Recovery Center of New Orleans, LLC, Rehab Ventures, LLC, (hereinafter "Defendant" or "Townsend") and in support thereof would show cause unto the Court the following matters and facts:

1.

This is an action for damages based on an unlawful employment practice committed by Defendant, Townsend Recovery Center of New Orleans, LLC, a foreign Limited Liability Company and capable of service of process through its designated agent for service of process and jurisdiction of this Court is invoked pursuant to the provisions of unlawful employment practice of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a., 28 U.S. Code § 1367, providing this Honorable Court with supplemental jurisdiction for state tort violations pursuant to *La. R.S. § 23:332, et seq., LSA R.S. 23:301 et seq., La Civil Code Article 2315, et seq., La. C.C. Art. 2324, et. sec.,*

2.

The claims asserted in this complaint arose in the State of Louisiana and Parish of Jefferson. Plaintiff is a citizen of the United States and is a resident of Jefferson Parish, State of Louisiana, and was employed with Townsend.

3.

Made Defendant is Townsend Recovery Center of New Orleans, LLC, Rehab Ventures, LLC., a Limited Liability Company, organized and existing under the laws of the state of Louisiana, with its principal place of business located in Orleans Parish.

4.

Plaintiff was employed as a Licensed Practical Nurse (hereinafter "LPN") at Townsend.

5.

Plaintiff was hired by the Defendant on or about November 26, 2019.

6.

On information and belief, the Plaintiff was harassed by coworkers consisting of unwanted workplace harassment, creating a hostile work environment by his manager and coworkers.

7.

On or around November 26, 2019, the Plaintiff began his employment with the Defendant as a Licensed Practical Nurse (hereinafter "LPN") working weekends shifts and earning $25.00 per hour.

8.

During the Plaintiff's employment with the Defendant several of his coworkers and Supervisor, Ken Bohne made consistent disparaging comments as to the Plaintiff's sexual orientation.

9.

The Defendnat's supervisors consistently spoke of the Plaintiff as "gay" because he was not married, nor have children.

10.

The Plaintiff's supervisor, Mr. Bohne constantly harassed him stating disparaging remarks to third parties that were not routinely used to other employees and they were committed during the day shifts where he would often work sixteen (16) shifts at Townsend.

11.

On February 24, 2020, during one of the Plaintiff's shifts at Townsend, Ms. Erica Bourgeois, LPN, made a disparaging and unsubstantiated remark to him that he appeared high and the Plaintiff informed her that it was due to him working a previous two (2) sixteen (16) hour shifts.

12.

At or around March 2020, the Plaintiff submitted his vacation PTO that he had been planning for quite some time. The Defendant then retaliated by again commenting on the Plaintiff's eyes and scheduled a "for cause" drug screen without any substantiated evidence. The Plaintiff reluctantly submitted to the drug test for fear of losing his job at Townsend and passed his drug screen. These results are part of the record and occurred twice with the Plaintiff passing both "for cause" drug screens. Plaintiff then left for his vacation from March 9, 2020 until March 13, 2020.

13.

On March 12, 2020, the Plaintiff was contacted while still on vacation and informed that he would be compelled to submit to another "for cause" drug screen or he would be terminated.

14.

That while on vacation in Los Angeles, California, the Plaintiff, after being accused of testing positive for a Benzodiazepine called the pharmacist with H&W Pharmacy, in New Orleans, and asked that the Pharmacist clarify with Townsend that, although he tested positive for a benzo, the test would be considered negative because the Plaintiff had a prescription for the Benzodiazepine.

15.

Despite this clarification by the H&W pharmacist, Townsend continued to treat the UDS as positive for Benzodiazepine.

16.

This caused great humiliation and embarrassment and, out of fear of losing his job with Townsend, immediately caught a plane and arrived back to Louisiana at 1am, so that he would be at work March 13, 2020, first thing in the morning for this "for cause" Urine Drug Screen".

17.

The Plaintiff upon arriving from his out of town trip was immediately compelled to submit to the drug test and then worked his twelve (12) hour afternoon shift.

18.

After one month the Plaintiff was tested again and no testing of any other co-workers.

19.

Mr. Bohne had Ms. Bourgeois again conduct the unwarranted and "for cause" drug tests and Ms. Bourgeois was not the Plaintiff's Supervisor.

20.

That Ms. Bourgeois had no authority to initiate a drug test to the Plaintiff nor did she have any authority by me to view my medical records or my Protected Health Information (hereinafter "PMI").

21.

That by Townsend allowing Ms. Bourgeois, a coworker and in no position of authority over the Plaintiff, committed an invasion of the Plaintiff's Privacy.  A tort recognized in Louisiana and actionable by law and eligible for recovery of damages for both economic and non-economic damages.

22.

At or on May 5, 2020, the Plaintiff, received notice through an email communication by the Company Human Resource Department, Sara Skaist, that Townsend would not move forward with him employed as a LPN and that he was "fired" due to a drug test failing.

23.

On or around September 2020, , the Plaintiff was offered hush money by Ms. Sara Skaist of the dollar amount of $1800 and to sign a self disclosure contract to be silent as Townsend had violated his civil rights. (See attached offer).

24.

The Plaintiff refused the hush money and subsequently received a separation notice that does not reflect his employment or discharge correctly.

25.

The Plaintiff was discriminated by the Defendant, Townsend because of his sex (male) and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended.

26.

Further the Plaintiff was discriminated against by Townsend because of my disability in violation of the Americans with Disabilities Act, as amended as they violated his privacy rights by allowing the co-worker Ms. Bourgeois to access his drug results (which he passed) and his PHI.

27.

On information and belief, the harrasment at Townsend Revenus consisted of repeated sexual harassment of an inappropriate manner by several of the co-workers that assumed a position of authority over the Plaintiff, or were at or equal to the same position of the Plaintiff.

28.

On information nd belief, at or around February 2020, the first episode of sexual harassment occurred (referred to in the EEOC charge). On information and belief, the Plaintiff immediately reported this conduct to the Human Resources manager numerous attempts without redress.

29.

On information and belief, in February of 2020, , the Plaintiff requested a meeting with the Human Resource Manager and his Nursing Manager, in an effort to report the unwanted inappropriate conduct.

30.

That Townsend took no action to remediate the hostile work environment.

31.

On April 26, 2020, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), charging Defendant with specific acts of discrimnation and harassment, thus complying with 706(b), of the Civil rights Act of 1964 (42 U.S.C.A 2000e-5(b)), *La. R.S. § 23:332, et seq., LSA R.S. 23:301 et seq., R.S. 51:2231 et seq., and La Civil Code Article 2315, et seq., La. C.C. Art. 2324, et. sec.*

32.

That after the Plaintiff's constructive discharge, had difficulty securing future employment as a LPN, various hospitals that were located at or around the New Orleans area due to the third party disparaging remarks.

33.

On information and belief, in March 2020, the disparaging remarks had the effect of causing the Plaintiff an inability to seek gainful employment as a LPN, Seaside Hospital informed him that they were told he was a substance abuser, including:

1. Behavior Integrity-- was informed that he was not able to be hired due qualifications did not match their hiring criteria;

2. Excel Family Health Care New Orleans East, informed the Plaintiff that he didn't qualify because he had to be sober for so many weeks.

3. Anthony Thomas with Behavioral Health Tech, with Townsend produced disparaging remarks with patients

4. Townsend They talked to Erica Bourgeois, LPN, supervisor communicated disparaging remarks to Perimeter Behavioral Health and degraded his integrity humiliation co-workers.

5. Renee Apostle, she was a RN on the unit communicated disparaging remarks to other co-workers and patients and that the Plaintiff was on drugs/

34.

On March 9, 2021, the EEOC issued the Plaintiff's right to sue letter.

35.

On information and belief, the Plaintiff believes that the Defendant employs at least 200 employees at its hospital.

36.

On information and belief, the Defendant failed to act and implement immediate remedial action when the Plaintiff reported the acts of sexual discrimination, unwanted sexual harrassment, which in turn created a hostile work environment and eventually a constructive discharge.

37.

The Plaintiff seeks recovery of damages from the future loss of employment opportunities due to unresolved PTSD, defamatory remarks to third persons about Plaintiff's sexual preferences, work product, and that he uses drugs while in the course and scope of his employment. The Plaintiff asserts these claims under *Louisiana Civil Code Article 2315, et seq. La. R.S. § 23:332, et seq., LSA R.S. 23:301 et seq., La. R.S. § 30:2027, et. seq., La. C.C. Art. 2324, et. sec.*.

38.

On July 23, 2020, the EEOC issued the Plaintiff a notice of the right to institute civil action within 90 days of the date of notice.

39.

That at the time of the filing of this complaint, the Plaintiff is within his statutory right to this action, as the 90 days has not elapsed since the right to sue letter was issued to the Plaintiff.

40.

On information and belief, the Defendant's conduct was a direct and proximate cause of the Plaintiff's future economic loss and pain and suffering from the PTSD and the defamatory remarks from employees of Townsend Revenue..

41.

On information and belief provided by the Plaintiff, the Plaintiff has also suffered future economic harm because he is now hindered in his ability to seek new employment because the PTSD has caused him to mistrust any future employers and this has made it extremely difficult for the Plaintiff to secure future employment and remain employed due to the PTSD.

42.

On information and belief, the Defendant's conduct and defamatory remarks have caused the Plaintiff to lose employment at other nursing jobs.

43.

On information and belief provided by the Plaintiff, because of the damages sustained, the Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, past, present and future wages, loss of retirement benefits, compensation for past, present and future general and specific damages, pursuant to the provisions of Title VII Civil Rights Act of 1964, $ 706(9) (42 U.S.C.A. $ 2000e-5(g)), *La. R.S. § 23:332, et seq., La. R.S. § 30:2027 et. seq., La Civil Code Article 2315, et seq., and La. C.C. Art. 2324, et. sec.*

44.

On or around January 18, 2020, the Psychiatrist, Dr. Susan Julius, Avenue Recovery Center of New Orleans, communicated to a third party a disparaging remark regarding the

Plaintiff's sexual preference.

45.

On information and belief, the Plaintiff was not provided any employment training and never received an employee handbook educating him as to the policy and procedures of Townsend and, on information and belief, there were no Human Resources only remotely.

**WHEREFORE**, Plaintiff prays that:

1. The Court enjoin and award damages to the Plaintiff for the Defendant's continuing unlawful employment practices and any and all defamatory statements attacking the Plaintiff's character, credibility, and morality attacking the Plaintiff's veracity as both a professional and his reputation throughout the community, under authority of Federal and State law pursuant to Title VII Civil Rights Act of 1964, $ 706(9) (42 U.S.C.A. $ 2000e-5(g))*La. R.S. § 23:332, et seq., La. R.S. § 30:2027 et. seq., Louisiana Civil Code Article 2315, et seq., LSA R.S. 23:301 et seq., and La. C.C. Art. 2324, et. sec.;*

2. The Court grants the Plaintiff a judgment against Defendant for past, present and future loss of income, including, but not limited to, back pay, promotion, front pay, and up to reinstatement, and past present and future general and specific damages together with such relief as this Court deems appropriate;

3. The Court award Plaintiff a reasonable attorney's fee; and

4. The Court awards the Plaintiff costs and such other and further relief as appears just and equitable in the circumstances.

Respectfully Submitted,

*S/ David Aden*

_____
**DAVID ADEN (LA BAR NO. 30373)**
**LAW OFFICES OF DAVID ADEN**
201 St. Charles Ave., Suite 2500
New Orleans, Louisiana 70170
(T) 504-599-5941
(F) 504-684-1377
*Counsel for Plaintiff, Kenneth Fountain*

**PLEASE SERVE:**

Townsend Recovery Center of New Orleans, LLC,
*Through their Registered Agent for Service of Process*
VCORP Agent Services, Inc.
3867 Plaza Tower Dr., 1st Floor
Baton Rouge, Louisiana 70816

Townsend Recovery Center of New Orleans, LLC, Rehab Ventures, LLC.